# EXHIBIT 2

FILED DATE: 7/23/2018 1:44 PM    2018L007788

| STATE OF ILLINOIS | ) | WLH/hlk |
|---|---|---|
| | ) SS | 11409-001 |
| COUNTY OF COOK | ) | |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

KATHRYN BOSEO,

                Plaintiff,

          v.                   No.

CHICAGO UNION STATION COMPANY,
THE POLAR EXPRESS,
RAIL EVENTS PRODUCTIONS, INC., and
AMERICAN HERITAGE RAILWAYS,

                Defendants.

FILED
7/23/2018 1:44 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L007788

## COMPLAINT AT LAW

    NOW COMES the Plaintiff, KATHRYN BOSEO, by and through her attorneys, RATHBUN CSERVENYAK & KOZOL, LLC, and for her Complaint at Law against the Defendants, CHICAGO UNION STATION COMPANY, THE POLAR EXPRESS, RAIL EVENTS PRODUCTIONS, INC., and AMERICAN HERITAGE RAILWAYS, states as follows:

## COUNT I

### *Premises Negligence*
### *KATHRYN BOSEO v. CHICAGO UNION STATION COMPANY*

    1.    That on or about the December 4, 2016, the Plaintiff, KATHRYN BOSEO, was lawfully on the premises commonly known as Chicago Union Station located at or near 225 S. Canal Street, City of Chicago, County of Cook, State of Illinois.

    2.    That at said time and place, Plaintiff was caused to trip, stumble and fall due to dangerous and unsafe conditions on the train platform owned by defendant CHICAGO UNION

1

FILED DATE: 7/23/2018 1:44 PM   2018L007788

STATION COMPANY in the form of broken and missing concrete on the pedestrian train platform on Track #1.

3.      That at all times relevant hereto, Defendant, CHICAGO UNION STATION COMPANY, owned said premises.

4.      That at all times relevant hereto, Defendant, CHICAGO UNION STATION COMPANY, managed said premises.

5.      That at all times relevant hereto, Defendant, CHICAGO UNION STATION COMPANY, maintained said premises.

6.      That at all times relevant hereto, Defendant, CHICAGO UNION STATION COMPANY, controlled said premises.

7.      At all times relevant hereto, Defendant, CHICAGO UNION STATION COMPANY, had a duty to exercise ordinary care to see that said property was reasonably safe for the use of those lawfully on the property.

8.      At all times relevant thereto, Plaintiff, KATHRYN BOSEO, exercised ordinary and due care as a person lawfully on the premises.

9.      That at the aforesaid location and time, and prior thereto, Defendant, CHICAGO UNION STATION COMPANY, well knowing its duty in this regard, carelessly and negligently caused said dangerous conditions in the form of broken and missing concrete on the pedestrian train platform on Track #1, and permitted said condition to remain on the premises.

10.     That Defendant, CHICAGO UNION STATION COMPANY, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous conditions and the unreasonable risk of harm they posed to persons on the premises.

FILED DATE: 7/23/2018 1:44 PM    2018L007788

11.     That Defendant, CHICAGO UNION STATION COMPANY, could reasonably expect that persons on the property would not discover or realize the danger posed by said dangerous conditions or would fail to protect themselves against such danger.

12.     That Defendant, CHICAGO UNION STATION COMPANY, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.    Carelessly and negligently managed the aforesaid premises, allowing for broken and missing concrete on the pedestrian train platform;

    b.    Carelessly and negligently maintained the aforesaid premises, broken and missing concrete on the pedestrian train platform;

    c.    Carelessly and negligently controlled the aforesaid premises, allowing broken and missing concrete on the pedestrian train platform;

    d.    Carelessly and negligently failed to give Plaintiff warning of the dangerous and defective conditions of said premises, including broken and missing concrete on the pedestrian train platform;

    e.    Carelessly and negligently allowed said premises to be and remain in an unsafe and dangerous condition although the Defendant knew, or in the exercise of ordinary care should have known, of said defective and dangerous conditions;

    f.    Carelessly and negligently permitted latent defects to exist in said premises although Defendant knew, or in the exercise of ordinary care should have known, of said defects; and/or

    g.    Carelessly and negligently failed to make any inspections of said premises although Defendant knew, or in the exercise of ordinary care should have known, said premises should have been inspected.

13.     That the aforesaid acts and omissions of Defendant, CHICAGO UNION STATION COMPANY, were a proximate cause of the Plaintiff being caused to trip and fall on said broken and missing concrete on the pedestrian train platform on the Defendant's premises.

FILED DATE: 7/23/2018 1:44 PM    2018L007788

14.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, CHICAGO UNION STATION COMPANY, as set forth above, Plaintiff, KATHRYN BOSEO, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, KATHRYN BOSEO, demands judgment against the Defendant, CHICAGO UNION STATION COMPANY, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT II
### General Negligence
### KATHRYN BOSEO v. CHICAGO UNION STATION COMPANY

1.     That on or about the December 4, 2016, the Plaintiff, KATHRYN BOSEO, was an Illinois resident lawfully on property owned, operated, maintained, managed, and/or controlled by the Defendant, CHICAGO UNION STATION COMPANY, commonly known as Chicago Union Station, located at or near 225 S. Canal Street, City of Chicago, County of Cook, State of Illinois.

2.     That at said time and place, Plaintiff was caused to trip, stumble and fall due to broken and missing concrete on the pedestrian train platform that was part of Track #1 on said

4

FILED DATE: 7/23/2018 1:44 PM    2018L007788

property owned, operated, maintained, managed, and/or controlled by the Defendant, CHICAGO UNION STATION COMPANY.

3.     At all times relevant hereto, it was the duty of the Defendant, CHICAGO UNION STATION COMPANY, to exercise ordinary and due care in the operation, maintenance, management, and control of its restaurant for the safety of patrons on its premises.

4.     At all times relevant thereto, Plaintiff, KATHRYN BOSEO, exercised ordinary and due care as a customer of the restaurant owned, operated, maintained, managed, and/or controlled by the Defendant, CHICAGO UNION STATION COMPANY.

5.     Notwithstanding the aforesaid duty, Defendant, CHICAGO UNION STATION COMPANY., breached said duty and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Operated, maintained, managed, and/or controlled the subject property so that a dangerous condition or hazard in the form of broken and missing concrete on the pedestrian train platform was not properly removed and/or remedied to provide a safe means of ingress and egress for the station patrons, including the plaintiff;

(b)     Failed to make a reasonable inspection so that the pedestrian train platform adjacent to and serving Track #1 was free from broken and missing concrete;

(c)     Failed to properly arrange for the removal and/or repair of the broken and missing concrete on the pedestrian train platform that existed on the property adjacent to and serving Track #1;

(d)     Allowed broken and missing concrete on the pedestrian train platform adjacent to and serving Track #1 where pedestrians such as the plaintiff were instructed to walk and traverse to enter and exit the train cars;

(e)     Failed to properly warn the Plaintiff that broken and missing concrete on the pedestrian train platform existed at and adjacent to the pedestrian platform serving Track

FILED DATE: 7/23/2018 1:44 PM    2018L007788

#1 where the Plaintiff was caused to walk and was injured;

(f)    Failed to properly train and instruct its employees and agents to ensure that broken and missing concrete on the pedestrian train platform did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk so that Plaintiff was injured;

(g)    Failed to properly monitor and supervise the duties of its employees and/or agents to ensure that broken and missing concrete on the pedestrian train platform did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk causing Plaintiff to be injured; and

(h)    Failed to employ or abide by reasonable and/or requisite safety protocol or measures regarding the clearing, removal of and repair of broken and missing concrete on the pedestrian train platform so said defects did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk causing Plaintiff to be injured.

6.    That the aforesaid acts and omissions of Defendant, CHICAGO UNION STATION COMPANY, were a proximate cause of the Plaintiff being caused to trip and fall on said broken and missing concrete on the pedestrian train platform on the Defendant's premises.

7.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, CHICAGO UNION STATION COMPANY, as set forth above, Plaintiff, KATHRYN BOSEO, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer.  Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become

FILED DATE: 7/23/2018 1:44 PM    2018L007788

healed and cured of said injuries.

WHEREFORE, Plaintiff, KATHRYN BOSEO, demands judgment against the Defendant, CHICAGO UNION STATION COMPANY, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT III

### *Premises Negligence*
### *KATHRYN BOSEO v. THE POLAR EXPRESS*

1.    That on or about the December 4, 2016, the Plaintiff, KATHRYN BOSEO, was lawfully on the premises commonly known as Chicago Union Station located at or near 225 S. Canal Street, City of Chicago, County of Cook, State of Illinois.

2.    That at said time and place, Plaintiff was caused to trip, stumble and fall due to dangerous and unsafe conditions on the train platform controlled by defendant THE POLAR EXPRESS in the form of broken and missing concrete on the pedestrian train platform on Track #1.

3.    That at all times relevant hereto, Defendant, THE POLAR EXPRESS, produced and sold to the public, including the Plaintiff, a train ride experience that was to originate at Chicago Union Station, Track #1, on the date in question.

4.    That at all times relevant hereto, Defendant, THE POLAR EXPRESS, managed said premises.

5.    That at all times relevant hereto, Defendant, THE POLAR EXPRESS, maintained said premises.

6.    That at all times relevant hereto, Defendant, THE POLAR EXPRESS, controlled said premises.

FILED DATE: 7/23/2018 1:44 PM    2018L007788

7.    At all times relevant hereto, Defendant, THE POLAR EXPRESS, had a duty to exercise ordinary care to see that said property was reasonably safe for the use of those lawfully on the property.

8.    At all times relevant thereto, Plaintiff, KATHRYN BOSEO, exercised ordinary and due care as a person lawfully on the premises.

9.    That at the aforesaid location and time, and prior thereto, Defendant, THE POLAR EXPRESS, well knowing its duty in this regard, carelessly and negligently caused said dangerous conditions in the form of broken and missing concrete on the pedestrian train platform on Track #1, and permitted said condition to remain on the premises.

10.    That Defendant, THE POLAR EXPRESS, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous conditions and the unreasonable risk of harm they posed to persons on the premises.

11.    That Defendant, THE POLAR EXPRESS, could reasonably expect that persons on the property would not discover or realize the danger posed by said dangerous conditions or would fail to protect themselves against such danger.

12.    That Defendant, THE POLAR EXPRESS, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

    a.    Carelessly and negligently managed the aforesaid premises, allowing for broken and missing concrete on the pedestrian train platform;

    b.    Carelessly and negligently maintained the aforesaid premises, broken and missing concrete on the pedestrian train platform;

    c.    Carelessly and negligently controlled the aforesaid premises, allowing broken and missing concrete on the pedestrian train platform;

FILED DATE: 7/23/2018 1:44 PM    2018L007788

    d.    Carelessly and negligently failed to give Plaintiff warning of the dangerous and defective conditions of said premises, including broken and missing concrete on the pedestrian train platform;

    e.    Carelessly and negligently allowed said premises to be and remain in an unsafe and dangerous condition although the Defendant knew, or in the exercise of ordinary care should have known, of said defective and dangerous conditions;

    f.    Carelessly and negligently permitted latent defects to exist in said premises although Defendant knew, or in the exercise of ordinary care should have known, of said defects; and/or

    g.    Carelessly and negligently failed to make any inspections of said premises although Defendant knew, or in the exercise of ordinary care should have known, said premises should have been inspected.

13.    That the aforesaid acts and omissions of Defendant, THE POLAR EXPRESS, were a proximate cause of the Plaintiff being caused to trip and fall on said broken and missing concrete on the pedestrian train platform on the Defendant's premises.

14.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, THE POLAR EXPRESS, as set forth above, Plaintiff, KATHRYN BOSEO, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, KATHRYN BOSEO, demands judgment against the Defendant, THE POLAR EXPRESS, in a dollar amount to satisfy the jurisdictional limitation of this Court

FILED DATE: 7/23/2018 1:44 PM   2018L007788

and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

**COUNT IV**

***General Negligence***
***KATHRYN BOSEO v. THE POLAR EXPRESS***

1.      That on or about the December 4, 2016, the Plaintiff, KATHRYN BOSEO, was an Illinois resident lawfully on property operated, maintained, managed, and/or controlled by the Defendant, THE POLAR EXPRESS, commonly known as Chicago Union Station, located at or near 225 S. Canal Street, City of Chicago, County of Cook, State of Illinois.

2.      That at said time and place, Plaintiff was caused to trip, stumble and fall due to broken and missing concrete on the pedestrian train platform that was part of Track #1 on said property operated, maintained, managed, and/or controlled by the Defendant, THE POLAR EXPRESS.

3.      At all times relevant hereto, it was the duty of the Defendant, THE POLAR EXPRESS, to exercise ordinary and due care in the operation, maintenance, management, and control of its restaurant for the safety of patrons on its premises.

4.      At all times relevant thereto, Plaintiff, KATHRYN BOSEO, exercised ordinary and due care as a customer of the restaurant owned, operated, maintained, managed, and/or controlled by the Defendant, THE POLAR EXPRESS.

5.      Notwithstanding the aforesaid duty, Defendant, THE POLAR EXPRESS., breached said duty and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

> (a)      Operated, maintained, managed, and/or controlled the subject property so that a dangerous condition or hazard in the form of broken and missing concrete on the

10

FILED DATE: 7/23/2018 1:44 PM   2018L007788

pedestrian train platform was not properly removed and/or remedied to provide a safe means of ingress and egress for the station patrons, including the plaintiff;

(b)     Failed to make a reasonable inspection so that the pedestrian train platform adjacent to and serving Track #1 was free from broken and missing concrete;

(c)     Failed to properly arrange for the removal and/or repair of the broken and missing concrete on the pedestrian train platform that existed on the property adjacent to and serving Track #1;

(d)     Allowed broken and missing concrete on the pedestrian train platform adjacent to and serving Track #1 where pedestrians such as the plaintiff were instructed to walk and traverse to enter and exit the train cars;

(e)     Failed to properly warn the Plaintiff that broken and missing concrete on the pedestrian train platform existed at and adjacent to the pedestrian platform serving Track #1 where the Plaintiff was caused to walk and was injured;

(f)     Failed to properly train and instruct its employees and agents to ensure that broken and missing concrete on the pedestrian train platform did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk so that Plaintiff was injured;

(g)     Failed to properly monitor and supervise the duties of its employees and/or agents to ensure that broken and missing concrete on the pedestrian train platform did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk causing Plaintiff to be injured; and

(h)     Failed to employ or abide by reasonable and/or requisite safety protocol or measures regarding the clearing, removal of and repair of broken and missing concrete on the pedestrian train platform so said defects did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk causing Plaintiff to be injured.

FILED DATE: 7/23/2018 1:44 PM    2018L007788

6.      That the aforesaid acts and omissions of Defendant, THE POLAR EXPRESS, were a proximate cause of the Plaintiff being caused to trip and fall on said broken and missing concrete on the pedestrian train platform on the Defendant's premises.

7.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, THE POLAR EXPRESS, as set forth above, Plaintiff, KATHRYN BOSEO, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, KATHRYN BOSEO, demands judgment against the Defendant, THE POLAR EXPRESS, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT V

### *Premises Negligence*
### *KATHRYN BOSEO v. RAIL EVENTS PRODUCTION, INC.*

1.      That on or about the December 4, 2016, the Plaintiff, KATHRYN BOSEO, was lawfully on the premises commonly known as Chicago Union Station located at or near 225 S. Canal Street, City of Chicago, County of Cook, State of Illinois.

2.      That at said time and place, Plaintiff was caused to trip, stumble and fall due to dangerous and unsafe conditions on the train platform controlled by Defendant, RAIL EVENTS

FILED DATE: 7/23/2018 1:44 PM    2018L007788

PRODUCTIONS, INC., in the form of broken and missing concrete on the pedestrian train platform on Track #1.

3.      That at all times relevant hereto, Defendant, RAIL EVENTS PRODUCTIONS, INC., produced and sold to the public, including the Plaintiff, a train ride experience that was to originate at Chicago Union Station, Track #1, on the date in question.

4.      That at all times relevant hereto, Defendant, RAIL EVENTS PRODUCTIONS, INC., managed said premises.

5.      That at all times relevant hereto, Defendant, RAIL EVENTS PRODUCTIONS, INC., maintained said premises.

6.      That at all times relevant hereto, Defendant, RAIL EVENTS PRODUCTIONS, INC., controlled said premises.

7.      At all times relevant hereto, Defendant, RAIL EVENTS PRODUCTIONS, INC., had a duty to exercise ordinary care to see that said property was reasonably safe for the use of those lawfully on the property.

8.      At all times relevant thereto, Plaintiff, KATHRYN BOSEO, exercised ordinary and due care as a person lawfully on the premises.

9.      That at the aforesaid location and time, and prior thereto, Defendant, RAIL EVENTS PRODUCTIONS, INC., well knowing its duty in this regard, carelessly and negligently caused said dangerous conditions in the form of broken and missing concrete on the pedestrian train platform on Track #1, and permitted said condition to remain on the premises.

10.     That Defendant, RAIL EVENTS PRODUCTIONS, INC., knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous conditions and the unreasonable risk of harm they posed to persons on the premises.

FILED DATE: 7/23/2018 1:44 PM    2018L007788

11.     That Defendant, RAIL EVENTS PRODUCTIONS, INC., could reasonably expect that persons on the property would not discover or realize the danger posed by said dangerous conditions or would fail to protect themselves against such danger.

12.     That Defendant, RAIL EVENTS PRODUCTIONS, INC., was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

a.      Carelessly and negligently managed the aforesaid premises, allowing for broken and missing concrete on the pedestrian train platform;

b.      Carelessly and negligently maintained the aforesaid premises, broken and missing concrete on the pedestrian train platform;

c.      Carelessly and negligently controlled the aforesaid premises, allowing broken and missing concrete on the pedestrian train platform;

d.      Carelessly and negligently failed to give Plaintiff warning of the dangerous and defective conditions of said premises, including broken and missing concrete on the pedestrian train platform;

e.      Carelessly and negligently allowed said premises to be and remain in an unsafe and dangerous condition although the Defendant knew, or in the exercise of ordinary care should have known, of said defective and dangerous conditions;

f.      Carelessly and negligently permitted latent defects to exist in said premises although Defendant knew, or in the exercise of ordinary care should have known, of said defects; and/or

g.      Carelessly and negligently failed to make any inspections of said premises although Defendant knew, or in the exercise of ordinary care should have known, said premises should have been inspected.

13.     That the aforesaid acts and omissions of Defendant, RAIL EVENTS PRODUCTIONS, INC., were a proximate cause of the Plaintiff being caused to trip and fall on said broken and missing concrete on the pedestrian train platform on the Defendant's premises.

FILED DATE: 7/23/2018 1:44 PM    2018L007788

14.     That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, RAIL EVENTS PRODUCTIONS, INC., as set forth above, Plaintiff, KATHRYN BOSEO, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, KATHRYN BOSEO, demands judgment against the Defendant, RAIL EVENTS PRODUCTIONS, INC., in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VI
### *General Negligence*
### *KATHRYN BOSEO v. RAIL EVENTS PRODUCTIONS, INC.,*

1.     That on or about the December 4, 2016, the Plaintiff, KATHRYN BOSEO, was an Illinois resident lawfully on property operated, maintained, managed, and/or controlled by the Defendant, RAIL EVENTS PRODUCTIONS, INC., commonly known as Chicago Union Station, located at or near 225 S. Canal Street, City of Chicago, County of Cook, State of Illinois.

2.     That at said time and place, Plaintiff was caused to trip, stumble and fall due to broken and missing concrete on the pedestrian train platform that was part of Track #1 on said property operated, maintained, managed, and/or controlled by the Defendant, RAIL EVENTS PRODUCTIONS, INC.

FILED DATE: 7/23/2018 1:44 PM    2018L007788

3.     At all times relevant hereto, it was the duty of the Defendant, RAIL EVENTS PRODUCTIONS, INC., to exercise ordinary and due care in the operation, maintenance, management, and control of its restaurant for the safety of patrons on its premises.

4.     At all times relevant thereto, Plaintiff, KATHRYN BOSEO, exercised ordinary and due care as a customer of the restaurant owned, operated, maintained, managed, and/or controlled by the Defendant, RAIL EVENTS PRODUCTIONS, INC.

5.     Notwithstanding the aforesaid duty, Defendant, RAIL EVENTS PRODUCTIONS, INC., breached said duty and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Operated, maintained, managed, and/or controlled the subject property so that a dangerous condition or hazard in the form of broken and missing concrete on the pedestrian train platform was not properly removed and/or remedied to provide a safe means of ingress and egress for the station patrons, including the plaintiff;

(b)     Failed to make a reasonable inspection so that the pedestrian train platform adjacent to and serving Track #1 was free from broken and missing concrete;

(c)     Failed to properly arrange for the removal and/or repair of the broken and missing concrete on the pedestrian train platform that existed on the property adjacent to and serving Track #1;

(d)     Allowed broken and missing concrete on the pedestrian train platform adjacent to and serving Track #1 where pedestrians such as the plaintiff were instructed to walk and traverse to enter and exit the train cars;

(e)     Failed to properly warn the Plaintiff that broken and missing concrete on the pedestrian train platform existed at and adjacent to the pedestrian platform serving Track #1 where the Plaintiff was caused to walk and was injured;

FILED DATE: 7/23/2018 1:44 PM   2018L007788

(f)    Failed to properly train and instruct its employees and agents to ensure that broken and missing concrete on the pedestrian train platform did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk so that Plaintiff was injured;

(g)    Failed to properly monitor and supervise the duties of its employees and/or agents to ensure that broken and missing concrete on the pedestrian train platform did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk causing Plaintiff to be injured; and

(h)    Failed to employ or abide by reasonable and/or requisite safety protocol or measures regarding the clearing, removal of and repair of broken and missing concrete on the pedestrian train platform so said defects did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk causing Plaintiff to be injured.

6.    That the aforesaid acts and omissions of Defendant, RAIL EVENTS PRODUCTIONS, INC., were a proximate cause of the Plaintiff being caused to trip and fall on said broken and missing concrete on the pedestrian train platform on the Defendant's premises.

7.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, RAIL EVENTS PRODUCTIONS, INC., as set forth above, Plaintiff, KATHRYN BOSEO, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

FILED DATE: 7/23/2018 1:44 PM  2018L007788

WHEREFORE, Plaintiff, KATHRYN BOSEO, demands judgment against the Defendant, RAIL EVENTS PRODUCTIONS, INC., in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VII

*Premises Negligence*
***KATHRYN BOSEO v. AMERICAN HERITAGE RAILWAYS***

1.      That on or about the December 4, 2016, the Plaintiff, KATHRYN BOSEO, was lawfully on the premises commonly known as Chicago Union Station located at or near 225 S. Canal Street, City of Chicago, County of Cook, State of Illinois.

2.      That at said time and place, Plaintiff was caused to trip, stumble and fall due to dangerous and unsafe conditions on the train platform controlled by defendant AMERICAN HERITAGE RAILWAYS, in the form of broken and missing concrete on the pedestrian train platform on Track #1.

3.      That at all times relevant hereto, Defendant, AMERICAN HERITAGE RAILWAYS, produced and sold to the public, including the Plaintiff, a train ride experience that was to originate at Chicago Union Station, Track #1, on the date in question.

4.      That at all times relevant hereto, Defendant, AMERICAN HERITAGE RAILWAYS, managed said premises.

5.      That at all times relevant hereto, Defendant, AMERICAN HERITAGE RAILWAYS, maintained said premises.

6.      That at all times relevant hereto, Defendant, AMERICAN HERITAGE RAILWAYS, controlled said premises.

7.      At all times relevant hereto, Defendant, AMERICAN HERITAGE RAILWAYS,

FILED DATE: 7/23/2018 1:44 PM    2018L007788

had a duty to exercise ordinary care to see that said property was reasonably safe for the use of those lawfully on the property.

8.    At all times relevant thereto, Plaintiff, KATHRYN BOSEO, exercised ordinary and due care as a person lawfully on the premises.

9.    That at the aforesaid location and time, and prior thereto, Defendant, AMERICAN HERITAGE RAILWAYS, well knowing its duty in this regard, carelessly and negligently caused said dangerous conditions in the form of broken and missing concrete on the pedestrian train platform on Track #1, and permitted said condition to remain on the premises.

10.    That Defendant, AMERICAN HERITAGE RAILWAYS, knew, or in the exercise of ordinary and reasonable care should have known, of said dangerous conditions and the unreasonable risk of harm they posed to persons on the premises.

11.    That Defendant, AMERICAN HERITAGE RAILWAYS, could reasonably expect that persons on the property would not discover or realize the danger posed by said dangerous conditions or would fail to protect themselves against such danger.

12.    That Defendant, AMERICAN HERITAGE RAILWAYS, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

   a.    Carelessly and negligently managed the aforesaid premises, allowing for broken and missing concrete on the pedestrian train platform;

   b.    Carelessly and negligently maintained the aforesaid premises, broken and missing concrete on the pedestrian train platform;

   c.    Carelessly and negligently controlled the aforesaid premises, allowing broken and missing concrete on the pedestrian train platform;

FILED DATE: 7/23/2018 1:44 PM    2018L007788

    d.    Carelessly and negligently failed to give Plaintiff warning of the dangerous and defective conditions of said premises, including broken and missing concrete on the pedestrian train platform;

    e.    Carelessly and negligently allowed said premises to be and remain in an unsafe and dangerous condition although the Defendant knew, or in the exercise of ordinary care should have known, of said defective and dangerous conditions;

    f.    Carelessly and negligently permitted latent defects to exist in said premises although Defendant knew, or in the exercise of ordinary care should have known, of said defects; and/or

    g.    Carelessly and negligently failed to make any inspections of said premises although Defendant knew, or in the exercise of ordinary care should have known, said premises should have been inspected.

13.    That the aforesaid acts and omissions of Defendant, AMERICAN HERITAGE RAILWAYS, were a proximate cause of the Plaintiff being caused to trip and fall on said broken and missing concrete on the pedestrian train platform on the Defendant's premises.

14.    That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, AMERICAN HERITAGE RAILWAYS, as set forth above, Plaintiff, KATHRYN BOSEO, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, KATHRYN BOSEO, demands judgment against the Defendant, AMERICAN HERITAGE RAILWAYS, in a dollar amount to satisfy the jurisdictional limitation

of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

## COUNT VIII
### *General Negligence*
### *KATHRYN BOSEO v. AMERICAN HERITAGE RAILWAYS*

1.     That on or about the December 4, 2016, the Plaintiff, KATHRYN BOSEO, was an Illinois resident lawfully on property operated, maintained, managed, and/or controlled by the Defendant, AMERICAN HERITAGE RAILWAYS, commonly known as Chicago Union Station, located at or near 225 S. Canal Street, City of Chicago, County of Cook, State of Illinois.

2.      That at said time and place, Plaintiff was caused to trip, stumble and fall due to broken and missing concrete on the pedestrian train platform that was part of Track #1 on said property operated, maintained, managed, and/or controlled by the Defendant, AMERICAN HERITAGE RAILWAYS.

3.     At all times relevant hereto, it was the duty of the Defendant, AMERICAN HERITAGE RAILWAYS, to exercise ordinary and due care in the operation, maintenance, management, and control of its restaurant for the safety of patrons on its premises.

4.     At all times relevant thereto, Plaintiff, KATHRYN BOSEO, exercised ordinary and due care as a customer of the restaurant owned, operated, maintained, managed, and/or controlled by the Defendant, AMERICAN HERITAGE RAILWAYS.

5.     Notwithstanding the aforesaid duty, Defendant, AMERICAN HERITAGE RAILWAYS, breached said duty and was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

> (a)     Operated, maintained, managed, and/or controlled the subject property so that a dangerous condition or hazard in the form of broken and missing concrete on the pedestrian train platform was not properly removed

21

FILED DATE: 7/23/2018 1:44 PM   2018L007788

and/or remedied to provide a safe means of ingress and egress for the station patrons, including the plaintiff;

(b)    Failed to make a reasonable inspection so that the pedestrian train platform adjacent to and serving Track #1 was free from broken and missing concrete;

(c)    Failed to properly arrange for the removal and/or repair of the broken and missing concrete on the pedestrian train platform that existed on the property adjacent to and serving Track #1;

(d)    Allowed broken and missing concrete on the pedestrian train platform adjacent to and serving Track #1 where pedestrians such as the plaintiff were instructed to walk and traverse to enter and exit the train cars;

(e)    Failed to properly warn the Plaintiff that broken and missing concrete on the pedestrian train platform existed at and adjacent to the pedestrian platform serving Track #1 where the Plaintiff was caused to walk and was injured;

(f)    Failed to properly train and instruct its employees and agents to ensure that broken and missing concrete on the pedestrian train platform did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk so that Plaintiff was injured;

(g)    Failed to properly monitor and supervise the duties of its employees and/or agents to ensure that broken and missing concrete on the pedestrian train platform did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk causing Plaintiff to be injured; and

(h)    Failed to employ or abide by reasonable and/or requisite safety protocol or measures regarding the clearing, removal of and repair of broken and missing concrete on the pedestrian train platform so said defects did not exist on the property adjacent to and serving Track #1 where pedestrians, such as the Plaintiff, were instructed to walk causing Plaintiff to be injured.

FILED DATE: 7/23/2018 1:44 PM    2018L007788

6.      That the aforesaid acts and omissions of Defendant, AMERICAN HERITAGE RAILWAYS, were a proximate cause of the Plaintiff being caused to trip and fall on said broken and missing concrete on the pedestrian train platform on the Defendant's premises.

7.      That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, AMERICAN HERITAGE RAILWAYS, as set forth above, Plaintiff, KATHRYN BOSEO, then and there sustained severe and permanent injuries, both externally and internally, and was, and will be hindered and prevented from attending to her usual duties and affairs and has lost, and in the future will lose, the value of that time as aforementioned. Plaintiff also suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for, and will expend and become liable for, large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, KATHRYN BOSEO, demands judgment against the Defendant, AMERICAN HERITAGE RAILWAYS, in a dollar amount to satisfy the jurisdictional limitation of this Court and such additional amounts as the jury and the Court shall deem proper, and additionally, costs of said suit.

_____
One of the Attorneys for Plaintiff

Willard L. Hemsworth III
Mario P. Carlasare
RATHBUN, CSERVENYAK & KOZOL
3260 Executive Drive
Joliet, IL 60431
815-730-1977
whemsworth@rcklawfirm.com
Firm I.D. 38198

STATE OF ILLINOIS  )  WLH/hlk
) SS  11409-001
COUNTY OF COOK  )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

KATHRYN BOSEO,  )
)
    Plaintiff,  )
)
  v.  )  No.
)
CHICAGO UNION STATION COMPANY,  )
THE POLAR EXPRESS,  )
RAIL EVENTS PRODUCTIONS, INC., and  )
AMERICAN HERITAGE RAILWAYS,  )
)
    Defendants.  )

## AFFIDAVIT OF DAMAGES PURSUANT TO SUPREME COURT RULE 222

I, WILLARD L. HEMSWORTH III, being first duly sworn and under oath, state that the

attached complaint seeks damages in excess of $50,000.00.

_____
       WILLARD L. HEMSWORTH III

Subscribed and sworn to before me
this 11th day of July, 2018.

_____
  NOTARY PUBLIC

OFFICIAL SEAL
HEIDI KEMPS
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/26/22

RATHBUN, CSERVENYAK & KOZOL, LLC
Attorneys for Plaintiff
3260 Executive Drive
Joliet, Illinois 60431
(815) 730-1977
Firm I.D. 38198